Robert S. Green (State Bar No. 136183)
**GREEN WELLING LLP**
595 Market St., Suite 2750
San Francisco, CA 94105
(415) 477-6700/Fax: (415) 477-6710
rsg@classcounsel.com

William B. Federman (Admitted *Pro Hac Vice*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania
Oklahoma City, OK 73120
(405) 235-1560/Fax: (405) 239-2112
WBF@federmanlaw.com

FILED
CLERK, U.S. DISTRICT COURT
OCT 19 2009
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. CUCCI, Derivatively On Behalf of POWERWAVE TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE C. EDWARDS, RONALD J. BUSCHUR, JOHN L. CLENDENIN, DANIEL A. ARTUSI, DAVID L. GEORGE, EUGENE L. GODA, CARL W. NEUN, MIKAEL R. GOTTSCHLICH, and ANDREW J. SUKAWATY,<br><br>Defendants,<br><br>- and -<br><br>POWERWAVE TECHNOLOGIES, INC., a Delaware corporation,<br><br>Nominal Defendant. | Case No. SACV 07–532 PSG (MLGx)<br><br>DERIVATIVE ACTION<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**<br><br>Date:      October 19, 2009<br>Time:      2:30 p.m.<br>Courtroom: 790 Roybal Federal Bldg.<br>Judge:     Hon. Philip S. Gutierrez |

# FINAL APPROVAL ORDER AND JUDGMENT

The above-captioned matter, having come before the Court for hearing, as noticed on October 19, 2009, at 2:30 p.m. pursuant to the Order of this Court, dated June 22, 2009 (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order, and due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the Settlement of the above captioned action, the request for attorneys' fees and reimbursement of expenses or Plaintiff's Representative Fee having been given an opportunity to present such objections to the Court; and the Court having heard and considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefore:

THE COURT HEREBY FINDS, DETERMINES, ORDERS AND ADJUDGES AS FOLLOWS:

1. Unless otherwise stated, all capitalized terms used in this Order shall have the same meaning as defined in the Stipulation and Agreement of Settlement filed with the Court on May 15, 2009 (the "Stipulation").

2. The Notice of Proposed Settlement, published in the Investor's Business Daily on September 15, 2009 is hereby determined to be reasonable and sufficient notice of the proposed Settlement, the best notice practicable under the circumstances, and in compliance with Rule 23.1 of the Federal Rules of Civil Procedure and the due process requirements of the United States Constitution.

3. The Stipulation and the terms of the proposed Settlement as set forth therein are found to be fair, reasonable, and adequate as to each of the parties, and to be in the best interests of nominal defendant Powerwave Technologies, Inc. ("Powerwave" or the "Company"), and are hereby approved. The parties are

directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4. Subject to the provisions herein, the Derivative Action is hereby dismissed with prejudice, with each party to bear his, her or its own costs (except as otherwise provided in this Order or the Stipulation).

5. Powerwave and the Plaintiff, individually and derivatively on behalf of Powerwave and its shareholders, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to maintain or prosecute any of the Released Claims or any action or other proceeding, brought on behalf of themselves or derivatively on behalf of Powerwave, against any of the Released Persons based on, arising out of, related to, or in connection with, the Released Claims, except for claims to enforce the terms of this Stipulation.

6. The Court hereby decrees that neither the Stipulation nor the Settlement, nor this Judgment, nor the fact of the Settlement, is an admission or concession of any fault, liability or wrongdoing by any of the Individual Defendants or Powerwave. This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the above-captioned action. Neither the Stipulation nor the Settlement, nor this Judgment, nor the fact of the Settlement, nor the settlement proceedings, settlement negotiations, or any related documents, shall be used or construed as an admission of any fault, liability or wrongdoing by any of the Defendants or Powerwave, or be offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants or Powerwave in any proceeding other than such proceedings as may be necessary to consummate or enforce this Settlement.

7. The Settlement was arrived at through arm's-length, good-faith negotiations between the parties hereto.

8. The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

9. Plaintiff's Counsel are hereby awarded attorneys' fees and reimbursement of expenses in the amount of $278,000. The Court finds that this amount is fair and reasonable for the reasons set forth in Plaintiff's application for attorneys' fees and reimbursement of expenses. Payment of such award of attorneys' fees and reimbursement of expenses shall be made in accordance with the provisions of the Stipulation.

10. Plaintiff is hereby awarded a Representative Fee in the amount of $1,500. Payment of such Representative Fee shall be made in accordance with the provisions of the Stipulation.

11. Without in any way affecting the finality of this Judgment, this Court shall retain continuing jurisdiction over the Derivative Action and the Settling Parties to the Stipulation so as to enter any further orders as may be necessary to effectuate or enforce the terms and provisions of the Stipulation and the Settlement provided for therein, to protect and effectuate the provisions of this Judgment, and to hear and determine other matters relating to the administration, consummation, construction, or enforcement of the Settlement provided for in the Stipulation and in this Judgment.

12. In the event that the Settlement does not become final in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the

Stipulation. In such event the findings herein shall also be null and void and the parties shall be restored to their respective positions as of April 29, 2009.

IT IS SO ORDERED.

10/19/09
Dated

Honorable Philip S. Gutierrez
United States District Court